NORMAN P. GRIZZANTI, PLAINTIFF-RESPONDENT, v. MAX S. MILLER AND WILHELM MILLER, INDIVIDUALLY AND TRADING AND DOING BUSINESS UNDER THE FIRM NAME AND STYLE OF MILLER SCREEN CO., AND CHARLES C. KERNER, DEFENDANTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued January 30, 1950—Decided February 17, 1950.

Before Judges McGeehan, Colie and Eastwood.

*Mr. John E. Hughes* argued the cause for appellants (*Messrs. Duggan, Shaw & Hughes*, attorneys).

*Mr. Louis Santorf* argued the cause for respondent (*Mr. John C. Guyet*, attorney).

Per Curiam. Defendants appeal from a judgment of $10,000 entered against them after a jury trial in the Superior Court, Passaic County. Appellants argue (1) that the plaintiff failed to establish any fact from which an inference of negligence on the part of the defendants could be drawn; (2) that the plaintiff was guilty of contributory negligence as a matter of law; (3) that the verdict was against the weight of the evidence and (4) that the court erred in denying a motion to strike certain testimony of the plaintiff with respect to an alleged conversation between him and the defendant Kerner. No useful purpose will be served in detailing the evidence in this cause. Suffice it to say that a

reading of the record leaves no doubt in our minds but that the question of the negligence of the defendants and the contributory negligence of the plaintiff was properly left with the jury for decision.

The plaintiff's automobile overturned and in the course of his examination he was asked what was the first thing said when he got out of the overturned car and his answer was "After I got out I says, 'Who is the man that turned me over or cut me off,' and a fellow standing on the curb said, 'It's me.'" There was no evidence that the person making this statement was the defendant Kerner and therefore we think that it was error in the absence of proof of identification to admit this evidence. Under *Rule* 1:2-20 (b), applicable to the Appellate Division under *Rule* 4:2-6, the Appellate Court will not reverse unless, after examination of the whole case, it appears that the error injuriously affected the substantial rights of a party. The car driven by Kerner and the plaintiff's car were the only two at the scene when the accident happened. From the evidence the jury might well find that the accident was caused by the presence of the defendant Miller's car at a point in the highway where it should not have been and that such fact impelled plaintiff, faced, as he thought, with an emergency, to act in the manner that he did. We are satisfied from an examination of the whole case that the erroneous admission in evidence did not injuriously affect the substantial rights of the defendants. *Batts v. Newman, Inc.,* 3 *N. J.* 503 (1950).

The judgment is affirmed.